UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STALEY, et al.,<br>    Plaintiffs,<br>v.<br>GILEAD SCIENCES, INC., et al.,<br>    Defendants. | Case No. 19-cv-02573-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO VACATE AETNA'S VOLUNTARY DISMISSAL**<br><br>Docket No. 863 |
| AETNA INC.,<br>    Plaintiff,<br>v.<br>GILEAD SCIENCES, INC., et al.,<br>    Defendants. | **RELATED TO**<br><br>Case No. 21-cv-09827-EMC<br><br>Docket No. 19 |

The pending motion concerns *Aetna v. Gilead*, No. C-21-9827 EMC, which is one of the cases related to the main *Staley* action. This case shall hereinafter be referred to as *Aetna I*. Aetna filed *Aetna I* in state court, but Gilead removed the case to federal court. Aetna then moved to remand. The same day that Gilead's opposition to the remand motion was due, Aetna filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41. Now pending before the Court is Gilead's motion to vacate the voluntary dismissal.

Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **DENIES** Defendants' motion.

///

///

///

## I.     FACTUAL & PROCEDURAL BACKGROUND

The evidence of record reflects as follows.

**12/14/2021.**  Aetna filed suit in state court against Gilead, BMS, and Janssen.  Aetna asserted only state law claims.  At or about the same time, Aetna's counsel (the Crowell law firm) also filed a number of cases on behalf of other individual health plans in *federal* court.

**12/20/2021.**  Gilead removed *Aetna I* to federal court.  Gilead claimed both diversity jurisdiction and federal question jurisdiction as the basis for removal.

On diversity jurisdiction, Gilead acknowledged that it is a citizen of California (*i.e.*, a forum defendant) but asserted that removal was nevertheless proper because it had not yet been served.  *See* Docket No. 1 (Not. of Removal at 1-2); 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [*i.e.*, diversity jurisdiction] may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought.") (emphasis added).[1] On federal question jurisdiction, Gilead contended, *inter alia*, that substantial federal issues were raised regarding federal patent law, the Hatch-Waxman Act, and the FDA regulatory scheme and that the state law claims turned on federal antitrust law.

**1/18/2022.**  Aetna filed a motion to remand.  *See* Docket No. 12 (motion).  The opposition was set to be filed on 2/1/2022.

**1/31/2022.**  Aetna filed a *new* complaint in state court.  That case shall hereinafter be referred to as *Aetna II*.  The *Aetna II* complaint seems to be substantially the same as the *Aetna I* complaint.

**2/1/2022.**  Before Gilead could file its opposition to the motion to remand in *Aetna I*, Aetna filed a notice of voluntary dismissal of *Aetna I* pursuant to Rule 41.  *See* Docket No. 14 (notice); *see also* Fed. R. Civ. P. 41(a)(1)(A)(i) ("Subject to Rules 23(e), 23.1(c), 23.2, and 66 and

---

[1] Gilead points out that this Court has previously stuck to the strict language of § 1441. *See City of Ann Arbor Emples. Ret. Sys. v. Gecht*, No. C-06-7453 EMC, 2007 U.S. Dist. LEXIS 21928, at *22, 24-25 (N.D. Cal. Mar. 9, 2007) (approving defendant's removal of case to federal court; although other defendants were citizens of California (*i.e.*, forum residents), they had not yet been served at the time of removal).

any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."). Thus, implicitly, Aetna was intending to proceed with *Aetna II* as its litigation vehicle rather than *Aetna I*. That same day, Gilead filed a statement indicating that it was looking into the propriety of the voluntary dismissal in *Aetna I*. *See* Docket No. 17 (response) (taking note that Aetna had recently filed the *Aetna II* complaint).

**2/3/2022.** Gilead removed *Aetna II* from state to federal court. *See Aetna v. Gilead*, No. C-22-0740 EMC (N.D. Cal.).

**2/7/2022.** In *Aetna I*, Defendants filed a motion to vacate the voluntary dismissal. This is the currently pending motion.

**2/16/2022.** In *Aetna II*, Defendants filed a motion to dismiss, which is currently set for hearing on 3/31/2022. The motion to dismiss is to be heard on the same day as other motions to dismiss filed in *Staley* (all challenging complaints filed by individual health plans).

**3/2/2022.** In *Aetna II*, Aetna filed a motion to remand its case back to state court. The motion is currently set for hearing on 4/7/2022.

## II.     DISCUSSION

Federal Rule of Civil Procedure 41 provides in relevant part as follows: "Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). In the instant case, there is no dispute that, at the time Aetna voluntarily dismissed *Aetna I*, no defendant had filed an answer or a motion for summary judgment. Defendants argue, however, that Aetna was not free to unilaterally voluntarily dismiss because Rule 41 says that a dismissal is subject to "any applicable federal statute." According to Defendants, there is an applicable federal statute that prevents Aetna from unilaterally acting. Specifically, Defendants rely on the removal statutes

///

///

///

themselves (28 U.S.C. §§ 1446-47[2]) and the All Writs Act (*id.* § 1651[3]).  Citing, *inter alia*, *Lou v. Belzberg*, 834 F.2d 730 (9th Cir. 1987), Defendants argue that, because a court can – pursuant to the removal statutes – issue an injunction to prevent a party from subverting the court's removal jurisdiction, this necessarily means that this Court can issue the "lesser remedy" of vacating Aetna's voluntary dismissal which is intended to subvert the Court's removal jurisdiction.

The Court finds Defendants' position unavailing.  As a preliminary matter, it is notable that Defendants have not cited any authority holding that the removal statutes or the All Writs Act is an "applicable federal statute" for purposes of Rule 41.  Nor was the Court able to find any such authority based on its independent research.

In addition, the Court sees no principled reason to extend Rule 41 to include the removal statutes or the All Writs Act as an "applicable federal statute."  In assessing what could be an applicable federal statute, the Court takes guidance from Rule 41 which gives explicit examples

---

[2] In its reply brief, Defendants relied on the following provisions specifically:

- Section 1446(d) which provides that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).
- Section 1447(a) which provides that, "[i]n any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise."  *Id.* § 1447(a).

*See* Reply at 2.

[3] Section 1651 provides in relevant part: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651.  In their reply, Defendants argue that "the All Writs Act is traditionally used when 'filling the interstices of federal judicial power when those gaps threatened to thwart the otherwise proper exercise of federal courts' jurisdiction.'"  Reply at 3-4 (quoting *Pa. Bur. of Corr. V. U.S. Marshalls Servs.*, 474 U.S. 34, 41 (1985); *see also United States v. Kenney*, 550 F. Supp. 2d 118, 120-21 (D. Me. 2008) ("The purpose of the Act is 'to supply the courts with the instruments needed to perform their duty . . . .'  Specifically, 'courts may rely upon this statute in issuing orders appropriate to assist them in conducting factual inquiries.'  A district court 'may rely on the All Writs Act to control actions or conduct that would inhibit its ability to resolve or manage a case before it.'  The decision to issue an order under the Act is discretionary: 'It must be emphasized that the Act . . . is entirely permissive in nature; it in no way mandates a particular result or the entry of a particular order.'  In addition, 'the power conferred by the Act extends, under appropriate circumstances, to persons who though not . . . engaged in wrongdoing are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice.'").

4

where a plaintiff's right to voluntarily dismiss is constrained and requires court approval. Specifically, Rule 41 refers to Rules 23(e), 23.1(c), 23.2 and 66.

- Rule 23(e) provides in relevant part that "[t]he claims, issues, or defenses of a certified class – or a class proposed to be certified for purposes of settlement –may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e).
- Rule 23.1(c) provides in relevant part that "[a] derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23.1(c).
- Rule 23.2 provides: "This rule applies to an action brought by or against the members of an unincorporated association as a class by naming certain members as representative parties. The action may be maintained only if it appears that those parties will fairly and adequately protect the interests of the association and its members. In conducting the action, the court may issue any appropriate orders corresponding with those in Rule 23(d), and the procedure for settlement, voluntary dismissal, or compromise must correspond with the procedure in Rule 23(e)." Fed. R. Civ. P. 23.2.
- Rule 66 provides in relevant part that "[a]n action in which a receiver has been appointed may be dismissed only by court order." Fed. R. Civ. P. 66.

As reflected above, each rule contemplates a need for court approval of a dismissal because of special circumstances that warrant the district court's supervision, *e.g.*, to protect the interests of third parties such as unnamed class members or shareholders, as in a class action or a derivative suit. Court approval is needed to ensure that the plaintiff's dismissal will not adversely impact those others. *See* Fed. R. Civ. P. 23(e), 2003 advisory committee notes ("Subdivision (e) is amended to strengthen the process of reviewing proposed class-action settlements. Settlement may be a desirable means of resolving a class action. But court review and approval are essential to assure adequate representation of class members who have not participated in shaping the settlement."). As another example, where there is a receivership, a person has been appointed by

the court to take on special duties related to the property of one of the parties. If a court has found that a receiver is necessary in the first instance, then, as indicated in the advisory committee notes to Rule 66, "[a] party should not be permitted to oust the court and its officer without the consent of that court." Fed. R. Civ. P. 66, 1946 advisory committee notes.

As for Rule 41's reference to "any applicable federal statute," the advisory committee notes for the rule shed some light. The advisory committee notes state that "[p]rovisions regarding dismissal in such statutes as U.S.C., Title 8, §164 [see 1329] (Jurisdiction of district courts in immigration cases) and U.S.C., Title 31, §232 [now 3730] (Liability of persons making false claims against United States; suits) *are preserved* by paragraph (1)." Fed. R. Civ. P. 41(a)(1), 1937 advisory committee notes (emphasis added).

- 8 U.S.C. § 1329 ("The district courts . . . shall have jurisdiction of all causes, civil and criminal, brought by the United States that arise under the provisions of this subchapter [immigration]. . . . No suit or proceeding for a violation of any of the provisions of this subchapter shall be settled, compromised, or discontinued without the consent of the court in which it is pending . . . .").
- 31 U.S.C. § 3730(b)(1) ("A person may bring a civil action for a violation of section 3729 [false claims] for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.").

Similar to above, court approval is implicitly required for special policy reasons: immigration is a matter of nationwide concern, and the federal government has a cognizable interest in false claims suits brought on its behalf.

This is not to say that these examples above are necessarily exhaustive. Indeed, courts have, in certain situations, given effect to the phrase "any applicable federal statute" even where the federal statute does not expressly provide that court approval is necessary for a dismissal. Defendants have pointed to several examples: the MDL statute, the Fair Labor Standards Act ("FLSA"), and the Prison Litigation Reform Act ("PLRA").

6

- MDL.  "'[Some] MDL courts, acting pursuant to statutory authority granted to transferee courts by 28 U.S.C. § 1407,[4] have recognized that it is sometimes necessary to put certain restrictions on the exercise of Rule 41 dismissals in order to effectively and fairly manage complex, consolidated MDL litigation.'"  *In re Oil Spill by the Oil Rig "Deepwater Horizon"*, No. MDL 2179, 2011 U.S. Dist. LEXIS 44773, at *14 (E.D. La. Apr. 15, 2011); *see also id.* at *15 (noting that "management of an MDL often requires procedures and limitations on the parties that do not exist in ordinary cases" – *e.g.*, "[c]ommon factual and legal issues are often litigated by using Master or Consolidated Complaints in lieu of dealing with numerous individual complaints").

- FLSA.  "'The [FLSA] seeks to prohibit "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."'  'It does so in part by setting forth substantive wage, hour, and overtime standards.'  An employee cannot waive his or her rights under the FLSA 'because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate.'  Thus, either the Secretary of Labor or a district court must approve the settlement of any FLSA claim."  *Gonzalez v. Fallanghina, LLC*, No. 16-cv-01832-MEJ, 2017 U.S. Dist. LEXIS 58430, at *5 (N.D. Cal. Apr. 17, 2017); *see also See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (taking note of two ways that claims arising under the FLSA can be settled or compromised by employees –

---

[4] Section 1407 provides in relevant part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation . . . upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407.

7

approval by the Secretary or by a court). Approval by the Secretary Labor is essentially contemplated by the FLSA on its face. *See* 29 U.S.C. § 216(c) ("The Secretary is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 6 or 7 of this Act [29 U.S.C. § 206 or 207], and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages."). Getting court approval of a FLSA settlement is effectively seen as analogous to getting the Secretary's approval. *Cf. Samake v. Thunder Lube, Inc.*, No. 21-102-cv, 2022 U.S. App. LEXIS 2567, at *10 (2d Cir. Jan. 27, 2022) (noting that, "'[w]ithout judicial oversight, . . . employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with the Act'").

- PLRA. "The Court holds that the PLRA is a federal statute to which a plaintiff's power to dismiss an action voluntarily under Rule 41(a)(1)(A)(i) is subject, and allowing a plaintiff to use voluntary dismissal to avoid accumulating a strike under § 1915(g) runs counter to Congress's purposes in enacting the PLRA." *Burley v. Unknown Defendants*, No. 2:15-CV-143, 2015 U.S. Dist. LEXIS 163934, at *1 (S.D. Tex. Dec. 7, 2015).

But even crediting the examples above, the Court notes that they simply underscore that there must be special circumstances warranting what is, in effect, judicial interference into a plaintiff's otherwise unfettered right to voluntarily dismiss. *Cf. Am. Soccer Co. v. Score First Enters.*, 187 F.3d 1108, 1112 (9th Cir. 1999) (emphasizing the right of a plaintiff to voluntarily dismiss; thus, rejecting the contention that Rule 41 "authorize[s] a court to make a case-by-case evaluation of how far a lawsuit has advanced to decide whether to vacate a plaintiff's voluntary dismissal"). In each of these cases, there are discernible interests that transcend those of the

named parties in a specific case.

Here, the removal statutes or the All Writs Act relied upon by Defendants do not present a special circumstance or do not embody policies or interests that transcend those of the parties to this case. None of these statutes expressly require court approval before a plaintiff can voluntarily dismiss. Nor do the statutes cover a substantive area of law that presents concerns comparable to, *e.g.*, the FLSA or the PLRA. The statutes do not implicate unique case management concerns (as with a MDL or class action). Nor are they dedicated to safeguarding the interest of third parties.

Defendants protest still that Aetna should not be rewarded for trying to subvert the jurisdiction of this Court. *See also* Reply at 4 (characterizing Aetna's actions as "a self-help remand strategy"). But even accepting that as true, that is not sufficient to implicate "any applicable federal statute" warranting an exception to the Rule 41's conferral of discretion upon the plaintiff to dismiss.[5]

To the extent Defendants rely on *Lou v. Belzberg*, 834 F.2d at 730, that case provides little support. There, the Ninth Circuit simply noted that, where a case has been removed from state to federal court, the federal court has the authority to enjoin the state court action from proceeding. The Ninth Circuit noted that such action is permitted by the Anti-Injunction Act because the statute provides that a federal court "'may not grant an injunction to stay proceedings in a State court *except* as expressly authorized by Act of Congress,'" *id.* at 739 (quoting that Anti-Injunction Act, 28 U.S.C. § 2283; emphasis added), and the removal statute, 28 U.S.C. § 1446(e), has "been construed as an express congressional authorization to enjoin or stay the state court proceedings." *Id.* at 740 (noting that § 1446(e) provides that "'the State court shall proceed no further unless and until the case is remanded'").

Admittedly, the Ninth Circuit did go on to consider what to do when "a new action is filed in state court." *Id.* It took note of a case where the Fifth Circuit

> state[d] that "where a district court finds that a second suit filed in

---

[5] Defendants' position is that Aetna has been trying to subvert the Court's jurisdiction is somewhat of an irony given that Gilead has engaged in forum shopping just as much as Aetna has. In other words, only because Gilead removed prior to being served was it able to argue against application of the forum defendant rule in the first place.

> state court is an attempt to subvert the purposes of the removal statute, it is justified and authorized by § 1446(e) in enjoining the proceedings in the state court." It would be of little value to enjoin continuance of a state case after removal and then permit the refiling of essentially the same suit in state court. We agree with the Fifth Circuit that where a second state court suit is fraudulently filed in an attempt to subvert the removal of a prior case, a federal court may enter an injunction.

*Id.* at 741. But even if *Lou* provides a basis (in dictum) to enjoin a second, identical suit, that is simply an application of § 1446(e). That a district court may enjoin a state suit under the express provision of § 1446(e) does not also imply the power to prevent dismissal under Rule 41. Section 1446(e) does not so provide and the policies it embodies are adequately fulfilled by its express authorization of injunctions against state court actions. It is not surprising then that no court has held that the removal statutes or the All Writs Act is an "applicable federal statute" for Rule 41 purposes.

As a final point, it is worth noting that, as stated at the hearing, Defendants' motion here is driven by efficiency concerns. In other words, Defendants have a desire for all of the cases based on the same underlying facts before one court (this Court) instead of being split between a state court and this Court. But it is not uncommon for parallel cases to be litigated in state and federal court. Furthermore, Defendants admit that their case for removal of *Aetna II* is not as strong as their case for removal of *Aetna I* (*i.e.*, because Aetna was able to serve the complaint on Gilead in *Aetna II* before Defendants could remove). If the Court were to remand *Aetna II* but grant Defendants relief on *Aetna I* (based on Defendants' theory that Aetna's subversion of removal jurisdiction should not be rewarded), Defendants would be facing the very situation that they want to avoid – two suits in two venues.[6] Denying dismissal of *Aetna I* will not guarantee efficiency.

///

///

///

///

///

---

[6] On the other hand, if the Court were to deny remand of *Aetna II*, keeping *Aetna I* in this Court would add nothing.

10

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to vacate the voluntary dismissal of *Aetna I*.

This order disposes of Docket No. 863 in C-19-2573 and Docket No. 19 in C-21-9827.

**IT IS SO ORDERED**.

Dated: March 29, 2022

_____
EDWARD M. CHEN
United States District Judge